380 So.2d 1278 (1980)
Herbert BERRYHILL
v.
George S. SMITH.
No. 52001.
Supreme Court of Mississippi.
March 12, 1980.
*1279 William B. Kirksey, Binder & Moore, Jackson, for appellant.
Blackmon, Smith & Nichols, Edward Blackmon, Jr., Canton, for appellee.
Before SMITH, SUGG and BROOM, JJ.
SMITH, Presiding Justice, for the Court:
This case involves the contest of a primary election.
Herbert Berryhill and George S. Smith were candidates for nomination for supervisor of District 5 of Hinds County in the Democratic Primary election held on August 7, 1979.
The returns were canvassed on August 9 by the Democratic Executive Committee, Smith was certified as the winner by a vote of 2,654 to 2,557 for Berryhill, and the boxes were sealed as required by law.
On or about August 10, Berryhill gave notice of a request to examine the contents of the boxes and this examination was conducted on or about August 17, both parties being present and represented by counsel.
On August 22, Berryhill filed a protest of the election with the Democratic Executive Committee as provided by Mississippi Code Annotated section 23-3-45 (1972).
This was heard by the Executive Committee and denied and Smith was declared the nominee.
On September 20, Berryhill filed a petition for judicial review of the action of the Executive Committee in rejecting his protest.
A judge was appointed by this Court to preside over the special tribunal as provided by Mississippi Code Annotated section 23-3-47 (1972). The special tribunal was duly convened and Berryhill's contest of the election was fully heard and considered. The presiding judge rejected the contentions of contestant Berryhill. It is from this action of the special tribunal that Berryhill has prosecuted the present appeal.
Of several contentions made before the Election Commission and before the special tribunal, on appeal here, only four alleged errors are assigned for reversal:
The Judge of the Special Tribunal erred in ruling that one of the issues was "that as a result of redistricting, certain persons were deprived of their right to vote in the Fifth District because they were assigned to precincts outside the District, although they lived in the District."
The Judge of the Special Tribunal erred in ruling on the "sanctity" of the election box from Precinct 2.
The Court erred in overruling Appellant's motion to throw out the boxes in the Fifth Supervisory (sic) District.
The Court erred in allowing Bill McKinley to testify and introduce voter machine printouts based upon his testimony as "Custodian of the Records."
Before dealing with the above assignments, it is necessary to advert to two preliminary matters.
First: When the case was advanced on this Court's docket, as required by statute, the order provided an amended schedule for the filing of briefs. The order was misread or misunderstood by appellee's *1280 counsel, resulting in the appellee's brief being filed late. On the day that appellee's brief actually was filed, appellant filed a motion to strike it upon the ground that it had not been filed on the day specified. Since the filing of the brief, appellant has filed his rebuttal brief, and because we are unable to see that the short delay has prejudiced or harmed appellant, the motion to strike will be overruled.
Second: Several members of the five member Democratic Executive Committee sat with the presiding judge, comprising the special tribunal designated to hear the case. At the conclusion of the case and following the announcement of the presiding judge's findings, three of the commissioners concurred with him therein. No commissioner dissented or disagreed. Of the other two members, one was absent and the other "abstained." Abstained has been defined as "to withhold oneself from participation." Apparently this commissioner took no part in the decision because of having testified as a witness at the trial. Mississippi Code Annotated section 23-3-51 (1972) provides:
If the findings of fact have been concurred in by all the commissioners in attendance, provided as many as three of the commissioners are and have been in attendance, the facts shall not be subject to review on appeal, and the bill of exceptions shall not set up the evidence upon which the facts have been determined... .
Allen v. Funchess, 195 Miss. 486, 15 So.2d 343 (1943).
The concurrence of the three commissioners who participated in the decision making process fulfilled the requirements of section 23-3-51, there having been no dissents, so that the findings of fact by the judge are not subject to review by this Court.
The special tribunal found that there was no evidence of fraud. In fact, fraud was not charged. The tribunal found that there was no evidence that any illegal votes were cast in the election in District 5 of Hinds County although "there is some evidence that because of the confusion caused by the redistricting, some twenty-one persons voted outside the district although they were residents in the district. The Court finds that there is no evidence that this irregularity had any effect on this election whatsoever as to its ultimate outcome."
In dealing with the challenge to the "sanctity" of the box in Precinct 2, the special tribunal found that the box of "this precinct was examined by the parties and resealed by the Clerk and placed under lock in a room in the Hinds County Court House and that subsequently, without the knowledge of the Clerk, the box disappeared, although its contents were placed in another box which was sealed and which was produced on this hearing and from which the clerk produced and identified the voting machine records from Precinct 2. There is no evidence  in fact, there is no contention that anyone altered these records or destroyed any pertinent records in any way which would affect the validity of these records in their reflection of the outcome of the voting in Precinct 2." The contents of the box previously had been formally examined by Berryhill and his attorney. Even now there is no contention that the contents identified by the clerk as having been those originally contained in the box and which had been examined by Berryhill and his attorney had been altered or that any had been lost or destroyed. It was not error to permit this identification by the clerk.
The tribunal declared: "The purpose of this hearing is to ascertain whether or not the will of the qualified electors participating in the party primary was voiced by the result of the Primary Contest. The Court finds that there is no evidence to the contrary before it on this hearing. The Court on this hearing has the authority and the duty to determine if those voting or those offering to vote are qualified electors or entitled to vote. There is no evidence before this Court that anybody voting in District 5 was not entitled to do so. It is further its duty to determine whether, in all substantial respects, the election was fairly *1281 and honestly held in compliance with the various provisions of the law. There is no evidence that this election was not fairly held."
And further: "The question is whether or not this election was fairly and honestly held. To reverse the decision of this Commission and to have another election and overthrow the expressed will of the people in this district would require some very positive proof of illegality and unfairness. Those elements are not present in the record on this hearing."
These findings by the special tribunal are supported by the record and cannot be said to have been manifestly wrong.
Two persons, testifying as witnesses, said that they were erroneously assigned to another district and would have voted for Berryhill if they had been permitted to vote in District 5, which was the district in which they said they resided.
There is no evidence that any person voted in the election who was not entitled to do so.
Eight people who voted in Precinct 2 omitted or neglected to sign the register.
Ex parte affidavits were obtained by appellant from twenty-four people, in which the affiants stated that they resided in District 5 but had been assigned erroneously to voting precincts in another district. Most of these affiants stated in their affidavits that if they had voted in District 5 they would have voted for Berryhill.
Accepting the testimony of the two witnesses at face value, and if we could assume that the eight persons who voted but did not sign the register voted for Smith, and if it were permissible to consider as evidence the ex parte affidavits of the twenty-four affiants that they were entitled to vote in District 5 and, moreover, would have voted for Berryhill if they had voted in that district, in the aggregate this would involve only thirty-four votes and would in no wise have affected the outcome of the election.
Of the votes cast, only the eight ballots cast by the voters who did not sign the register can be categorized as illegal.
In State v. Greer, 158 Miss. 315, 130 So. 482 (1930), it was held:
It is the policy of the law to give effect and validity to elections of the people when there has been a reasonably fair attempt to comply with the requirements of the law, and no fraud has been practiced... . (158 Miss. at 322, 130 So. at 484).
In O'Neal v. Simpson, 350 So.2d 998, 1010 (Miss. 1977) this Court quoted with approval from Pradat v. Ramsey, 47 Miss. 24 (1872):
The theory of the plaintiff was, that omissions and irregularities, and errors of judgment by those charged with registration, holding the election, and canvassing the ballots, would make the election illegal, and demonstrate that Ramsey had no title to the office. Hence his several offers to make proof on these points, the circuit court disagreed with him, and ruled that the test of his right under the issue was, whether a majority of legal votes preferred him for the office, and therefore he must prove that qualified voters were rejected, and illegal ballots received, which would change the result. (Emphasis added). (47 Miss. at 34, 35, 37, 38, 39).
The findings of fact and conclusions of law of the judge who presided over the special tribunal, which were concurred in by the three commissioners who participated in the decision, are supported by the evidence and the decisions of this Court. No prejudicial error was committed in the trial of the case and the judgment appealed from must be and is affirmed.
AFFIRMED.
The case was considered by a conference of the Judges en banc.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., took no part.