GRIFFIN, Justice,
for the Court:
Preston Billings, et al. appeal the decree of the Bolivar County circuit judge, sitting without a jury, wherein he adjudicated the results of the elections for office of Aider-men of Shelby; Mississippi to be uphéld and the winners of said elections as certified; the appellees, confirmed. Appellants are unsuccessful contestants for office, and aggrieved of the results have filed this appeal.
As error, appellants allege the lower court erred in affirming the certification of the Shelby Election Commission when the evidence revealed an indeterminate number of ballots were cast on a malfunctioned voting machine. We find to the contrary, in that Billings, et al. failed to prove that illegal votes sufficient to effect the outcome of the election were cast. We affirm.
Voters cast ballots on three machines provided by Automatic Voting Machine in Jamestown, New York. Each of the machines was equipped with a single-shot voting device so that pursuant to Miss.Code Ann. § 21-11-15 (1972) (since repealed, effective January 1, 1987), the only votes recorded would be those when a voter had selected five (5) candidates for an alder-manic position.
Voting machine number 137800 registered 1,344 votes, a number not divisible by five (5) and, therefore, an indication of some sort of malfunction of the machine.
Testimony by three experts — Robert C. Rosengren, Jimmy Jordan, and Robert Bugner — confirmed the malfunction. (These men were stipulated as expert witnesses in the field of the use of automatic voting machines prior to trial). However, the gist of their testimony revealed that there was no way to ascertain, with any degree of scientific or mathematical certainty, as to how many times the machine malfunctioned, how many votes would have been allocated per candidate had the machine not malfunctioned, whether the machine malfunctioned a sufficient number of times to change the results of the election, or which candidate received the votes as a result of the machine malfunctioning.
The testimony of Jordan and Bugner did establish that the votes cast “did express the will of the voters”, e.g., no votes went to any candidate except to those cast for *569 that particular candidate, even though the malfunction allowed voters to cast votes on the ballot for less than the statutorily required amount.
Lee Burke, Chairman of the Election Commission for the City of Shelby, testified that the commission consisted of three members including Burke, Effie Foster and Auberie Billings. He and Foster (a majority of the commission) certified the results of the election and sent the original copy thereof to the Secretary of State. He further testified that no copy of these results had been placed in the minutes, and prior to certification only the total number of votes for each candidate had been reviewed. As a result, the commission, prior to certification, failed to note that the tally on machine Number 137800 was not divisible by five, thereby exhibiting no knowledge of said malfunction.
At the close of evidence the court determined that it was impossible to ascertain “if there were illegal votes, for whom they were cast or how they would affect the outcome of the election.” The judge further found that contestants had failed to bear the burden of proof as required by law, and so affirmed certification by the Shelby Election Commission. Aggrieved, plaintiffs have filed this appeal.
II.
There is no doubt that the burden of proof herein lies with the contestants and appellants herein. See, 26 Am.Jur.2d, Elections, Section 342, Page 161; Berryhill v. Smith, 380 So.2d 1278 (Miss.1980); Pyron v. Joiner, 381 So.2d 627 (Miss.1980); Walker v. Smith, 213 Miss. 255, 56 So.2d 84 (1952); O’Neal v. Simpson, 350 So.2d 998 (Miss.1977).
Further, not only does the contestant have the burden of proof in an election contest, but he must prove his case by the standard of reasonable certainty. See, Necaise v. Lott, 226 Miss. 286, 83 So.2d 837 (1955).
Here, three expert witnesses testified that the machine could only add votes and was incapable of subtracting from the contestants’ totals. Therefore, when machine 137800 malfunctioned, the totals continued to reflect votes legally cast for the designated parties. Further, expert witness Bugner stated that in his experience with the particular machine in use the malfunction could have occurred only in a few instances. Hence, it was impossible to determine whether “(1) enough illegal votes were cast for the contestees to change the result of the election, or (2) so many votes are disqualified that the will of the voters is impossible to discern.” Noxubee County Democratic E. Com. v. Russell, 443 So.2d 1191, 1197 (Miss.1983).
We note that contestants had a variety of means at their disposal for fulfilling the burden of proof; none of which appears in the record. A check of the poll books — all public records — would have reflected the actual number of voters, and from this comparison could be made as to the number of times the machine malfunctioned.
Too, the machine itself is required by operation of law to show the number of people who voted: contestants could have viewed this number to determine how often the single-shot device failed to register properly.
Another method of discovering the amount of illegal ballots cast would have been for contestants to have doublechecked this tally against the number of votes on the ballot for any other candidate thereon for whom the single-shot prohibition did not apply.
This is by no means an exhaustive list. The point being, however, that had the contestants attempted to uncover the number of votes gone astray their task in the case at bar would have been simpler. They did not (or at least the record contains no indication thereof) and, therefore, they did not meet the requisite standard of law.
The lower court did not err in affirming certification by the election commission. The burden of proof was with Billings, et al. to show that alleged illegal ballots were cast and that these votes altered the course of the contested election. The record, bolstered by expert testimony, reflects such *570 proof is absent. Therefore, the judgment is affirmed.
Affirmed.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.